**Martin CORNEJO–MERIDA,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–73061.
Agency No. A79–217–949

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 30, 2004.

---

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, James E. Grimes, Cindy S. Ferrier, U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Martin Cornejo–Merida, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his applications for asylum under § 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, and withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3). Cornejo contends that he is eligible for asylum and withholding of removal because he fears persecution if he is returned to Peru. We deny the petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252 and "review the decision of the immigration judge to the extent the BIA's opinion incorporated it." *Singh v. INS*, 134 F.3d 962, 966 n. 5 (9th Cir.1998). We review factual determinations of an alien's statutory ineligibility for asylum and withholding of removal for "substantial evidence." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995); *see also* 8 U.S.C. § 1252(b)(4)(B). "When reviewing for substantial evidence, we must uphold the IJ's findings unless the evidence not only supports, but compels, contrary findings."

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ochave v. INS,* 254 F.3d 859, 862 (9th Cir.2001).[1]

Cornejo is a homosexual man who argues that he suffered persecution in Peru on account of his membership in the particular social group of homosexual men in Peru.[2] As a child in Peru, Cornejo suffered sexual abuse at the hands of several family members. He also suffered harassment from other students at school. When Cornejo was in his early twenties and began attending gay discos, he witnessed the police harassing and beating gay men and was extorted by a man who identified himself as a police officer.

To establish eligibility for asylum based on past persecution, Cornejo must show that he suffered persecution by the government or by forces that the government was unable or unwilling to control and that the persecution was "on account of" his membership in the particular social group of homosexual men in Peru. *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000). If Cornejo establishes that he has suffered past persecution he is entitled to a rebuttable presumption that he has a well-founded fear of future persecution if he returns to Peru. *See Pitcherskaia v. INS,* 118 F.3d 641, 646 (9th Cir.1997); 8 C.F.R. § 208.13(b)(1).

■ Substantial evidence supports the BIA's findings that Cornejo did not suffer past persecution by the government or by persons the government was unable or unwilling to control. Although rape or sexual assault may support a finding of past persecution, *Lopez–Galarza v. INS,* 99 F.3d 954, 959 (9th Cir.1996), the evidence here established that the sexual assaults inflicted by Cornejo's family members when Cornejo was a child were private conduct never brought to the attention of the government, not persecution inflicted by the government or by actors whom the government was unable or unwilling to control. In addition to the evidence of sexual abuse, Cornejo presented evidence that established that he experienced harassment and discrimination because he is homosexual. While offensive, such discriminatory treatment does not rise to the level of persecution. *See Fisher v. INS,* 79 F.3d 955, 962 (9th Cir.1996); *Ghaly,* 58 F.3d at 1431.

Without the benefit of the regulatory presumption of future persecution that arises if an asylum applicant establishes past persecution, Cornejo must independently show that he has a well-founded fear of persecution if he returns to Peru. In order to establish a well-founded fear of future persecution, Cornejo must demonstrate an objectively reasonable and subjectively genuine fear. *Fisher,* 79 F.3d at 960. " 'The subjective component requires that the applicant have a genuine concern that he will be persecuted,' and may be satisfied by the applicant's testimony that [ ]he genuinely fears persecution. The objective component requires that the alien establish a reasonable fear of persecution by credible, direct, and specific evidence." *Pitcherskaia,* 118 F.3d at 646 (citations omitted) (quoting *Aguilera–Cota v. INS,* 914 F.2d 1375, 1378 (9th Cir.1990)).

■ Here, the BIA's determination that Cornejo does not have an objectively reasonable well-founded fear of future persecution is supported by substantial evidence. Although Cornejo's evidence

1. Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition.

2. The government does not directly challenge Cornejo's argument that he is a member of a protected social group. For purposes of our disposition we assume, as the BIA did, that Cornejo is a member of a particular social group within the meaning of 8 U.S.C. § 1101(a)(42)(A).

establishes that there is overt discrimination against gays in Peru, he cannot show that it is likely that he would be targeted for persecution or that the persecution of gays in Peru is so rampant and severe that his mere membership in the group of homosexual men sufficed to establish an objective well-founded fear of future persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994). Accordingly, substantial evidence supports the BIA's determination that Cornejo is not eligible for asylum.

Cornejo also appeals the BIA's denial of his application for withholding of removal. Under INA § 241(b)(3), Cornejo may not be returned to Peru if his "life or freedom would be threatened in that country because of [his] ... membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A); *Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 788 (9th Cir.2004). "This standard is generally more stringent than the 'well-founded fear' standard applicable to requests for asylum, and can be met only by showing that it is more likely than not that the alien will be persecuted if deported." *Ghaly,* 58 F.3d at 1429. Because Cornejo did not establish past persecution or that he has an objectively well-founded fear of future persecution, he similarly cannot establish that it is more likely than not that he would be persecuted if returned to Peru. Thus, the BIA's denial of withholding of removal is also supported by substantial evidence.

PETITION DENIED.